UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

```
------------------------------x
                              :
KRISTI J. CIPRIANI           :     3:14CV01343(SALM)
                              :
v.                            :
                              :
CAROLYN W. COLVIN,           :     October 30, 2015
ACTING COMMISSIONER OF        :
SOCIAL SECURITY               :
                              :
------------------------------x
```

RULING ON PLAINTIFF'S MOTION FOR AWARD OF FEES PURSUANT TO THE
EQUAL ACCESS TO JUSTICE ACT

Plaintiff Kristi J. Cipriani ("plaintiff") filed concurrent applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on September 15, 2008, alleging disability beginning on May 1, 2011. (Certified Transcript of the Record, Compiled on October 29, 2014 (hereinafter "Tr.") Tr. 136-51). Plaintiff later amended her disability onset date to July 11, 2006. (Tr. 31-32, 267). Plaintiff's applications were initially denied at the administrative level, and following the exhaustion of her administrative remedies, she filed an appeal in this Court. See Tr. 1-24, 75-90, 25-66, 91-92, 94-135; see also Cipriani v. Astrue, No. 3:11CV00537(WIG) (D. Conn.). In response, the Commissioner filed a consented-to Motion for Voluntary Remand, which Judge William I. Garfinkel granted, and the case was

1

remanded for further administrative proceedings. (Tr. 1059-66).

Following remand of plaintiff's case, and after holding a second hearing, the Administrative Law Judge again denied plaintiff benefits on May 30, 2013. (Tr. 1008-22, 1031-58, 1095-1106). After exhausting her administrative remedies for a second time, the plaintiff filed the Complaint in this case on September 16, 2014. [Doc. #1]. On November 17, 2014, the Commissioner filed her Answer and the official transcript. [Doc. #8]. On January 15, 2015, the plaintiff filed her Motion for Order Reversing the Decision of the Commissioner, together with a memorandum in support ("motion to reverse"). [Doc. #10]. On April 13, 2015, defendant filed her Motion for an Order Affirming the Decision of the Commissioner, together with a memorandum in support ("motion to affirm")[Doc. #14], to which plaintiff filed a reply [Doc. #15].

On August 24, 2015, the undersigned issued a recommended ruling granting in part plaintiff's motion to reverse and denying defendant's motion to affirm. [Doc. #16]. The Court found that this matter should be "remanded to the Commissioner for further proceedings in which the ALJ shall reweigh the medical opinions of plaintiff's treating sources, reevalutate the materiality of plaintiff's cannabis dependence, and reassess plaintiff's residual functional capacity." [Id. at 1-2]. On

2

September 10, 2015, Chief Judge Janet C. Hall affirmed, adopted and ratified the Court's recommended ruling upon review and absent objection. [Doc. #17]. Judgment was entered on September 10, 2015. [Doc. #18].

On October 7, 2015, the plaintiff filed a motion for attorney's fees together with a memorandum in support, affidavits, and a time sheet. [Doc. #20]. The defendant has not filed an opposition.

For the reasons set forth herein, the plaintiff's Motion for Award of Fees Pursuant to the Equal Access to Justice Act [Doc. #20] is GRANTED, in part, in the amount of **$5,166.50 in fees and $400.00 in costs for a total award of $5,566.50.**

## DISCUSSION

A party who prevails in a civil action against the United States may seek an award of fees and costs under the Equal Access to Justice Act ("EAJA" or the "Act"), 28 U.S.C. §2412, the purpose of which is "to eliminate for the average person the financial disincentive to challenging unreasonable government actions." Commissioner, I.N.S. v. Jean, 496 U.S. 154, 163 (1990) (footnote & citation omitted). In order for an award of attorney's fees to enter, this Court must find (1) that plaintiff is a prevailing party, (2) that the Commissioner's position was without substantial justification, (3) that no

3

special circumstances exist that would make an award unjust, and
(4) that the fee petition was filed within thirty days of final
judgment. 28 U.S.C. §2412(d)(1)(B).

It is plaintiff's burden to establish entitlement to a fee
award, and the Court has the discretion to determine what fee is
"reasonable." Hensley v. Eckerhart, 461 U.S. 424, 433, 437
(1983) (interpreting 42 U.S.C. §1988, which allows a "prevailing
party" to recover "a reasonable attorney's fee as part of the
costs").[1] This Court has a duty to review plaintiff's itemized
time log to determine the reasonableness of the hours requested
and to exclude hours "that are excessive, redundant, or
otherwise unnecessary[.]" Id. at 434. "Determining a
'reasonable attorney's fee' is a matter that is committed to the
sound discretion of a trial judge." J.O. v. Astrue, No.
3:11CV1768(DFM), 2014 WL 1031666, at *1 (D. Conn. Mar. 14, 2014)
(quoting Perdue v. Kenny A., 559 U.S. 542, 558 (2010)).

"Courts throughout the Second Circuit have consistently
found that routine Social Security cases require, on average,
between [twenty] and [forty] hours of attorney time to
prosecute." Poulin v. Astrue, No. 3:10CV1930(JBA)(JGM), 2012 WL
264579, at *3 (D. Conn. Jan. 27, 2012)(citations & internal

---

[1] The "standards set forth in [Hensley] are generally applicable
in all cases in which Congress has authorized an award of fees
to a 'prevailing party.'" Id. at 433 n.7.

quotation marks omitted); Cobb v. Astrue, No.
3:08CV1130(MRK)(WIG), 2009 WL 2940205, at *3 (D. Conn. Sept. 2,
2009).

Here, the Court finds that plaintiff has satisfied the
requirements of 28 U.S.C. §2412(d)(1)(B), and that an award of
fees may enter. Specifically, the Court finds, absent objection,
that: (1) plaintiff is a prevailing party in light of the Court
ordering a remand of this matter for further administrative
proceedings; (2) the Commissioner's position was without
substantial justification; (3) on the current record, no special
circumstances exist that would make an award unjust; and (4) the
fee petition was filed within thirty days of final judgment. 28
U.S.C. §2412(d)(1)(B). The Court next turns to the
reasonableness of the fees sought.

In this case, plaintiff's counsel seeks reimbursement for a
total of 29.20 hours, 6.5 hours of which he seeks reimbursement
at the 2014 rate of $188.51 per hour, and 22.7 hours at the 2015
rate of $191.32 per hour. [Doc. #20-2 at 2]. The transcript in
this case was comprised of over 1,400 pages, and plaintiff's
counsel submitted a thorough and well-reasoned brief. Indeed,
the Court commends the efficiency of counsel's efforts, which
culminated in a second remand for his client, all of which
totaled approximately twenty five hours of attorney time.  Cf.

5

Rodriguez v. Astrue, No. 3:08CV154(JCH)(HBF), 2009 WL 6319262, at *3 (D. Conn. Sept. 3, 2009) ("Relevant factors to weigh include the size of the administrative record, the complexity of the factual and legal issues involved, counsel's experience, and whether counsel represented the claimant during the administrative proceedings.") (internal quotations & multiple citations omitted), approved in relevant part, 3:08CV154(JCH), 2010 WL 1286895 (D. Conn. Mar. 29, 2010). Accordingly, after a careful examination of plaintiff's counsel's specific entries, the Court finds that counsel's hours from the filing of the complaint through the downloading of the judgment (totaling 25.10 hours) are reasonable, and therefore awards counsel the fees claimed for those hours expended. Specifically, the Court awards 6.5 hours at the 2014 rate of $188.51 [total $1,225.31], and 18.6 hours at the 2015 rate of $191.32 [total $3,558.55].

Nevertheless, the Court does find that in light of the case law in this District, a reduction in time for plaintiff's counsel's preparing the motion for EAJA fees is warranted. Here, plaintiff's counsel claims a total of 4.10 hours relating to his preparation of the motion for EAJA fees, including: .60 hours to "[r]eview time requirements for EAJA request" and a telephone call to defense counsel; 1.0 hour to prepare the EAJA motion and a telephone call to plaintiff; and 2.50 hours to "[w]ork on fee

request" and "internet search to determine current EAJA fees."
[Doc. #20-2 at 5]. In this District, judges have routinely
allowed a plaintiff's attorney to bill up to two hours for
preparing an EAJA petition. See, e.g., Texidor v. Colvin, No.
3:10CV701(CSH)(JGM), 2015 WL 164062, at *4 (D. Conn. Jan. 13,
2015)(awarding two hours for preparation of EAJA petition);
Barrow v. Astrue, No. 3:11CV00828(VLB)(TPS), 2013 WL 2428992, at
*4 (D. Conn. Jun. 4, 2013) (awarding two hours for preparation
of EAJA petition); Hosking v. Astrue, No. 3:10CV64(MRK)(WIG),
2010 WL 4683917, at *2 (D. Conn. Oct. 1, 2010)(awarding two
hours for preparation of EAJA petition); Gelinas v. Colvin, No.
3:13CV891(CSH)(JGM), 2014 WL 2567086, at *3 (D. Conn. June 6,
2014)(same). Thus, the Court approves an award of 2.0 hours of
attorney time at the 2015 rate of $191.32 [total $382.64] for
preparation of the EAJA petition, representing a reduction of
2.1 hours from the hours claimed.

## CONCLUSION

For the reasons set forth herein, the plaintiff's Motion
for Award of Fees Pursuant to the Equal Access to Justice Act
[Doc. #20] is **GRANTED**, in part. The Court awards 6.5 hours of
attorney time at the 2014 hourly rate of $188.51 [total
$1,225.31], plus 20.6 hours of attorney time at the 2015 hourly
rate of $191.32 [total $3,941.19], for a total of 27.10 hours of

attorney time and a total amount of $5,166.50 for attorney time.
In addition, costs are awarded in the amount of $400.00.
Accordingly the **total award of costs and fees is $5,566.50.**

Dated at New Haven, Connecticut, this 30th day of October
2015.

                          __/s/_____
                          Hon. Sarah A. L. Merriam
                          United States Magistrate Judge